IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KAREEM MILHOUSE,

    Plaintiff,

v.                                                  Civil Action No.: 1:14cv16
                                                   (Judge Keeley)

TERRY O'BRIEN, Warden, et al.,

    Defendant.

### REPORT AND RECOMMENDATION THAT ANY APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED AND THAT COMPLAINT BE DISMISSED WITHOUT PREJUDICE

On January 27, 2014, the *pro se* plaintiff, an inmate incarcerated at USP Hazelton, in Bruceton Mills, West Virginia, initiated this case by filing a Motion to Proceed Under Imminent Danger Pursuant to 28 USC §1915, which was construed as a civil rights complaint pursuant to Bivens,[1] along with a motion for a temporary injunction and temporary restraining order. Plaintiff alleged that he was in imminent danger from other prisoners as a result of certain events at U.S.P Hazelton; had received death threats; had already been assaulted; and that the defendants were ignoring his requests to be placed into protective custody or to be immediately transferred to another facility. Along with his complaint, the plaintiff filed a Motion for Temporary Injunction/Motion for Temporary Restraining Order, again alleging imminent danger from other inmates due to the actions of certain correctional officers in releasing information about his past history as an informant.

Because the plaintiff had not filed his complaint in the proper form, paid the filing fee or provided a copy of his application to proceed *in forma pauperis* ("IFP"), along with its

---

[1] Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

supporting documents, the Clerk of Court issued a deficiency notice the same day, advising him to file all of the above-named corrected documents within 21 days, or by February 17, 2014.

On January 28, 2014, an Order was entered, directing that the Warden be immediately and personally served and that he provide an answer within seven days, only as to plaintiff's allegations of imminent harm. On February 4, 2014, the Warden filed a Motion to Dismiss and Response to Plaintiff's Specific Allegation of Imminent Harm. On February 18, 2014, the plaintiff filed a response in opposition. Plaintiff has also filed five motions for temporary injunctions;[2] a Motion to Seal Entire Case; a Motion for Appointed Counsel;[3] a Motion for Immediate Transfer; a Motion to Compel; a Motion for Limited Discovery; a Motion to Inquire/Compel Prison Officials to Move Plaintiff off 1 Range; an Amended Motion for Immediate Preliminary Injunction; and no less than six "exhibits in support" of his response in opposition to the defendant Warden's Motion to Dismiss.

On February 25, 2014, having received no response to the Notice of Deficient Pleading, a Show Cause Order was issued, advising plaintiff that his case would be dismissed for failure to prosecute if he did not show cause otherwise within 14 days, or by March 11, 2014. On March 4, 2014, the plaintiff filed a response stating "Plaintiff did not respond to the Clerk [sic] deficiency notice because this honorable court ordered Defendant O'Brien to respond to the Present [sic] complaint and Plaintiff therefore thought the clerk notice was moot." (Dkt.# 35). Plaintiff has yet to file his complaint on a court-approved form, pay the filing fee, or file the required paperwork needed to proceed as a pauper. Nonetheless, because the plaintiff is not

---

[2] On February 25, 2014, a Report and Recommendation ("R&R") was entered, recommending that the first three motions for temporary injunctions be denied. (Dkt.# 24). That R&R has not yet been ruled upon.

[3] By Order entered February 25, 2014, this motion was denied. Dkt.# 22.

entitled to proceed *in forma pauperis* under 28 U.S.C. § 1915(g), there is no need to wait for the plaintiff to correct his deficient pleadings.

The PLRA has restricted when a complaint may be filed without prepayment of fees. Specifically, 28 U.S.C. §1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g)

The BOP's "inmate locator" indicates that the plaintiff's expected date of release is September 28, 2080. A PACER search reveals that since April 11, 2007, Milhouse has filed 25 cases,[4] sixteen of which were civil rights cases. As early as May 4, 2010, the 3rd Circuit Court of Appeals, in an Order denying IFP on one of Milhouse's many appeals, stated "[d]espite appellant's argument to the contrary, he has had at least three cases[5] dismissed as frivolous, malicious or for failure to state a claim within the meaning of § 1915(g)."[6] Consequently, Milhouse is listed on the National *Pro Se* Three-Strikes Database as an abusive filer.

As set forth above, the plaintiff has filed at least three civil actions which were dismissed on the grounds of being frivolous, malicious, or failing to state a claim upon which relief may be granted. Therefore, based on the strikes the plaintiff has accumulated, he may not file another

---

[4] Nine of those were §2241 petitions, at least one of which was merely another civil rights case, filed under the guise of a §2241 petition, as plaintiff has also done in this court in another pending case, 3:14cv25. Typically, upon dismissal of his civil rights cases for frivolity or for failure to state a claim, the plaintiff would immediately appeal, claiming "imminent harm."

[5] See Brown v. Shelby County, 02cv02365 (W.D. Tenn. 2002); Brown v. Shelby County, 02cv02366 (W.D. Tenn. 2002); Brown v. Nurse Thomas, W.D. Tenn. Civ. No. 02cv02368; Milhouse v. Peoria, 1:10cv135 (M.D. Pa. 2010); Milhouse v. Jordan, 1:09cv1365 (M.D. Pa. 2009); and Brown et al. v. Blue, 09cv01946 (M.D. Pa. 2009).

[6] (3rd Cir. May 4, 2010)(09-4491).

complaint without prepayment of fees unless he is in "imminent danger of serious physical injury." Here, despite plaintiff's claim to the contrary, the undersigned finds that the plaintiff's claims have no merit and that he is not in any danger, imminent or otherwise. The Warden's response to the allegation of imminent harm indicates that the plaintiff has been housed in secure custody in the Special Housing Unit ("SHU") since December 14, 2013, six weeks before he filed the instant complaint. Moreover, the Warden avers that until February 3, 2014, the plaintiff had never filed any administrative remedies to make the Warden aware of his alleged danger. Finally, a search of Hazelton's records reveals no evidence that the plaintiff was ever assaulted. The undersigned notes that a review of the record indicates that plaintiff's claims regarding being in imminent danger; having been attacked; and having been denied protective custody have no merit, thus plaintiff's claims are frivolous as well. Moreover, to the extent that plaintiff alleges that he is in imminent danger of death from attack by other inmates for being "a rat," the plaintiff fails to state a claim which would suggest that he is in imminent danger of serious physical injury, let alone in any danger at all.

For the reasons stated above, it is hereby **RECOMMENDED** that the plaintiff's Complaint (Dkt.# 1) be **DENIED** and **DISMISSED without prejudice** as frivolous and for failure to state a claim, pursuant to 28 U.S.C. §1915A(b)(1), and also pursuant to 28 U.S.C. §§1915(g) and Dupree v. Palmer, 284 F. 3d 1234, 1236 (11th Cir. 2002)("The proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of §1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. [S]he must pay the filing fee at the time [s]he initiates the suit.").

Further, the undersigned recommends that all other Orders pending in this case, including the remaining two motions for temporary injunctions (Dkt.# 19 and 27); the Amended Motion for Immediate Preliminary Injunction (Dkt.# 40); Motion to Seal Entire Case (Dkt.# 20); Motion for Immediate Transfer and Motion for Injunction (Dkt.# 27); a Motion to Inquire/Compel Prison Officials to Move Plaintiff off 1 Range (Dkt.# 37); Motion to Compel (Dkt.# 31); Motion for Limited Discovery (Dkt.# 32); all be **DENIED as moot. Within fourteen (14) days** after being served with a copy of this Report and Recommendation, **or by April 16, 2014,** any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record electronically.

DATED: April 2, 2014

/s/   James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE