```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**KAREEM MILHOUSE,**

      **Plaintiff,**

**v.**          //    CIVIL ACTION NO. 1:14CV16
                             (Judge Keeley)

**TERRY O'BRIEN, Warden, et al.,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO
SET ASIDE JUDGMENT, TO PROCEED <u>IN FORMA PAUPERIS</u>,
AND TO AMEND OR CORRECT COMPLAINT [DKT. NO. 80]**

Pending before the Court is the plaintiff's motion to set aside the Court's judgment, to proceed IFP, and to amend or correct his complaint (dkt. no. 80). For the reasons that follow, the Court **DENIES** the motion.

## BACKGROUND

On January 27, 2014, the plaintiff, Kareem Milhouse ("Milhouse"), filed a <u>Bivens</u> action, in which he alleged that prison officials had violated his Eighth Amendment rights by labeling him a "snitch" to other inmates (dkt. no. 1). Milhouse alleged that he was facing unsafe conditions, including numerous death threats, as a consequence of being labeled a snitch. He claimed that, on January 18, 2014, he requested a transfer that went ignored, but that prison officials could have eliminated "any threat to bodily harm through immediate transfer." Based on these allegations, Milhouse sought $360,000,000 in damages.

**MILHOUSE V. O'BRIEN**                                                                                  **1:14CV16**

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO
SET ASIDE JUDGMENT, TO PROCEED <u>IN FORMA PAUPERIS</u>,
AND TO AMEND OR CORRECT COMPLAINT [DKT. NO. 80]**

In accordance with LR PL P 2, the Court referred this case to the Honorable James E. Seibert, United States Magistrate Judge, who performed the initial screening pursuant to 28 U.S.C. § 1915A. On April 2, 2014, Magistrate Judge Seibert entered a report and recommendation ("R&R"), recommending that the Court dismiss Milhouse's complaint as barred by the "three strikes" rule (dkt. no. 43). The "three strikes" rule of the Prison Litigation Reform Act ("PLRA") provides that prisoners may file civil actions <u>in forma pauperis</u> ("IFP") subject to the following limitation:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is **frivolous, malicious, or fails to state a claim upon which relief may be granted**, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). In support of his recommendation, Magistrate Judge Seibert cited multiple cases brought by Milhouse that were subsequently dismissed as frivolous, malicious, or for failure to state a claim (dkt. no. 43 at 3, nn. 4 and 5).

On May 9, 2014, the Court adopted the R&R and dismissed Milhouse's complaint with prejudice (dkt. no. 62). Milhouse

**MILHOUSE V. O'BRIEN**  1:14CV16

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO
SET ASIDE JUDGMENT, TO PROCEED IN FORMA PAUPERIS,
AND TO AMEND OR CORRECT COMPLAINT [DKT. NO. 80]**

appealed the Court's decision to the Fourth Circuit Court of Appeals. In a per curiam decision issued December 2, 2014, the Fourth Circuit denied the appeal, finding no reversible error and "affirm[ing] for the reasons stated by the district court." Milhouse v. O'Brien, 586 Fed. Appx. 126 (mem) (4th Cir. 2014).

On February 16, 2017, Milhouse filed the instant motion seeking to set aside the Court's judgment, to proceed IFP, and to amend or correct his complaint (dkt. no. 80).[1] He bases his motion on an unpublished per curiam opinion by the Third Circuit Court of Appeals, decided on February 11, 2016, that concluded he was not subject to the three strikes rule. Millhouse v. Sage, 639 Fed. Appx. 792, 793 (3rd Cir. 2016).[2]

**DISCUSSION**

Milhouse's motion fails for two reasons. First, he failed to move within a reasonable time under Rule 60. In addition, Milhouse has had at least three cases dismissed as frivolous, meritless, or

---

[1]Milhouse filed the identical motion in a sister case, 1:14cv56, which contains related claims and which had also been dismissed in part based on the three strikes rule.

[2]The Third Circuit correctly notes: "Millhouse has spelled his last name 'Milhouse' in court filings. Prison records reflect the spelling 'Millhouse.'" Sage, 639 Fed. Appx. at 794, n. 2.

**MILHOUSE V. O'BRIEN**                                                  **1:14CV16**

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO
SET ASIDE JUDGMENT, TO PROCEED <u>IN FORMA PAUPERIS</u>,
AND TO AMEND OR CORRECT COMPLAINT [DKT. NO. 80]**

for failure to state a claim and, consequently, is subject to the three strikes rule.

**A.   Federal Rule of Civil Procedure 60**

Federal Rule of Civil Procedure 60 provides in pertinent part:

.   .   .

  **(b)  Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
  (1)  mistake, inadvertence, surprise, or excusable neglect;
  (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
  (3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
  (4)  the judgment is void;
  (5)  the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
  (6)  any other reason that justifies relief.

  **(c)  Timing and Effect of the Motion**.
    **(1)  Timing**. A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.
.   .   .

  **(d)  Other Powers to Grant Relief**. This rule does not limit a court's power to:

**MILHOUSE V. O'BRIEN** 1:14CV16

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO
SET ASIDE JUDGMENT, TO PROCEED <u>IN FORMA PAUPERIS</u>,
AND TO AMEND OR CORRECT COMPLAINT [DKT. NO. 80]**

> (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
> (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or
> (3) set aside a judgment for fraud on the court.

(emphasis in original). Milhouse moves specifically pursuant to Rule 60(b)(6), 60(d)(2), and 60(d)(3). Subsections (d)(2) and (d)(3), however, are simply inapplicable here. This is not an action of which Milhouse was unaware — he initiated it. Nor is there any suggestion of a fraud on the Court. Thus, the lone question is whether the Court should set aside the judgment based on Rule 60(b)(6), also referred to as the catchall clause.

Had Milhouse moved pursuant to subsections (b)(1), (b)(2), or (b)(3), he would have been required to do so within one year of the entry of judgment. <u>See</u> Fed. R. Civ. P. 60(c)(1). Because Milhouse has moved pursuant to Rule 60(b)(6), however, he is not subject to the mandatory one-year limitation from the entry of the judgment. <u>See</u> <u>Arrieta v. Battaglia</u>, 461 F.3d 861, 865 (7th Cir. 2006) ("[W]e have held that "the first three clauses of Rule 60(b) and the catchall clause are mutually exclusive."). Nevertheless, a motion under the catchall clause "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1).

5

**MILHOUSE V. O'BRIEN**  1:14CV16

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO
SET ASIDE JUDGMENT, TO PROCEED IN FORMA PAUPERIS,
AND TO AMEND OR CORRECT COMPLAINT [DKT. NO. 80]**

When evaluating whether a motion is made within a reasonable time, courts should "consider[s] the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." In re Osborne, 379 F.3d 277, 283 (5th Cir. 2004). Moreover, courts should grant relief under Rule 60(b) only in "unique" or "extraordinary circumstances." Id.; Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981) (per curiam). Failure by the movant to allege the extraordinary circumstances that led to the delay is grounds to deny the motion, which will be reviewed only for abuse of discretion. See Supermarket of Homes, Inc. v. San Fernando Valley Bd. of Realtors, 786 F.2d 1400, 1410 (9th Cir. 1986); Ashford, 657 F.2d at 1055.

The Court's final judgment was entered on May 9, 2014, and affirmed by the Fourth Circuit on January 26, 2015. The Third Circuit Court of Appeals rendered its ruling on February 11, 2016, yet Milhouse failed to file the instant motion until February 16, 2017, more than a year later — and nearly three years after the Court entered its judgment in this case. The factors strongly weigh against reopening this case.

**MILHOUSE V. O'BRIEN** 1:14CV16

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO
SET ASIDE JUDGMENT, TO PROCEED <u>IN FORMA PAUPERIS</u>,
AND TO AMEND OR CORRECT COMPLAINT [DKT. NO. 80]**

First, as always, there is a significant interest in the finality of litigation, which would weigh against reopening this case nearly three years after the Court entered judgment. Milhouse does not make any attempt whatsoever to explain the reasons for his one year delay in filing the motion following the Third Circuit's decision. Although he could not have learned of the Third Circuit's decision any earlier than its entry on January 11, 2016, this does not weigh in his favor because he chose to do nothing with that information for over a year.[3] Finally, the prejudice factor weighs in favor of denying the motion. Employee turnover at the BOP and spoilation of evidence are just two factors that could seriously hamper any defense by the defendants. Because nearly three years have passed since the entry of judgment in this case, and more than three and a half years since the alleged incidents, reopening the case now would seriously prejudice the defendants.

In conclusion, this case does not present any unique or extraordinary circumstances that would warrant setting aside the

---

[3] Certainly Milhouse was aware that the issue of whether he was subject to the three strikes rule was pending in his Third Circuit appeal, and that it was the basis for the dismissal of this case. One would think that, if he had a meritorious suit for $360,000,000, he would have acted more quickly in moving to attempt to revive such a suit.

7

**MILHOUSE V. O'BRIEN** 1:14CV16

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO
SET ASIDE JUDGMENT, TO PROCEED IN FORMA PAUPERIS,
AND TO AMEND OR CORRECT COMPLAINT [DKT. NO. 80]**

judgment under Rule 60. See In re Osborne, 379 F.3d at 283. Milhouse's delay has been unreasonably long and his motion is entirely devoid of any effort to explain the reason for his delay. Consequently, the Court **DENIES** the motion (dkt. no. 80).

**B. Three Strikes Rule**

Even had Milhouse filed his motion within a reasonable time, the Court would not set aside its judgment. The R&R entered by Magistrate Judge Seibert, and adopted in its entirety by the Court, concluded that the three strike rule barred Milhouse's claim. Nonetheless, the R&R evaluated the merits of his claims and recommended that they "be denied and dismissed without prejudice as **frivolous and for failure to state a claim, pursuant to 28 U.S.C. §1915A(b)(1)**, and also pursuant to 28 U.S.C. §§1915(g)." See Dkt. No. 43 at 4 (emphasis added). Notably, although the Court adopted the R&R and its reasoning in its entirety, it dismissed Milhouse's claims with prejudice.

Thus, it is evident that even though the three strike rule barred Milhouse's claims because he had failed to pay the required fees, the Court effectively waived the fees and proceeded to evaluate the merits of Milhouse's claims. The R&R concluded, and the Court agreed, that those claims were frivolous and failed to

**MILHOUSE V. O'BRIEN**                                                                 **1:14CV16**

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO
SET ASIDE JUDGMENT, TO PROCEED <u>IN FORMA PAUPERIS</u>,
AND TO AMEND OR CORRECT COMPLAINT [DKT. NO. 80]**

state a claim. The three strike bar was no more than an alternative ground for dismissal.

Also, for clarity's sake, the Court notes that Milhouse is subject to the three strike rule. With due respect to the Third Circuit Court of Appeals, the Court has identified at least three of Milhouse's prior cases that count as strikes. Pursuant to 28 U.S.C. § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is **frivolous, malicious, or fails to state a claim upon which relief may be granted**, unless the prisoner is under imminent danger of serious physical injury.

(emphasis added).

The R&R entered in this case by Magistrate Judge Seibert discussed Milhouse's lengthy history of litigation, including reference to some cases that qualified as strikes (dkt. no. 43 at 3). In its order adopting the R&R, the Court cited three non-exhaustive cases as examples of strikes: <u>Milhouse v. Arbasak</u>, Nos. 09-2709 & 09-2858 (3d Cir., Apr. 1, 2010); <u>Milhouse v. Levi</u>, No. 07-4048 (3d Cir., Feb. 27, 2008); <u>Milhouse v. Jordan</u>, No. 1:09CV1365 (M.D. Pa., Feb. 14, 2011).

**MILHOUSE V. O'BRIEN**  1:14CV16

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO SET ASIDE JUDGMENT, TO PROCEED IN FORMA PAUPERIS, AND TO AMEND OR CORRECT COMPLAINT [DKT. NO. 80]**

The Third Circuit's decision in <u>Sage</u> specifically addressed two of these cases, concluding that <u>Arbasak</u> and <u>Levi</u> were not strikes. Although that unpublished opinion is not binding on the Court, the Third Circuit's evaluation as to whether its own decisions should count as strikes is persuasive. Contrary to the Third Circuit's conclusion, however, there appear to be at least three cases that clearly qualify as strikes.[4]

In <u>Milhouse v. Bledsoe</u>, Civ. No. 1:10-cv-53 (M.D. Pa. Oct. 6, 2010), the district court granted the defendants' motion to dismiss based on "Milhouse's failure to state a claim." The Third Circuit specifically addressed this case in <u>Sage</u>, as it was one of the case relied on by the district court. The Third Circuit concluded, and the Court agrees, that this clearly counts as a strike against Milhouse.

In <u>Brown v. Blue, et al.</u>,[5] Civ. No. 3:09-cv-1946 (M.D. Pa. Nov. 10, 2009), the district court dismissed Milhouse's complaint "as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)." Such a

---

[4]Although not entirely clear, the Third Circuit's decision in <u>Sage</u> appears to be limited solely to a review of those cases relied on by the district court, without an independent review of the entirety of Milhouse's litigation history.

[5]Although Milhouse was not listed in the caption of this case, he signed the complaint as an additional plaintiff.

**MILHOUSE V. O'BRIEN** 1:14CV16

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO SET ASIDE JUDGMENT, TO PROCEED IN FORMA PAUPERIS, AND TO AMEND OR CORRECT COMPLAINT [DKT. NO. 80]**

dismissal clearly qualifies as a strike. The court there also noted that "[a]ny appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith." Id. at 7. The district court denied a subsequent motion for reconsideration and the Third Circuit dismissed the plaintiffs' appeal for failure to prosecute. Id. at dkt. no. 14.

In Milhouse v. Peoria, et al., Civ. No. 1:10-cv-153 (M.D. Pa. Nov. 22, 2010), the district court dismissed Milhouse's Bivens claims for failure to state a constitutional violation. The court also noted that "[a]ny appeal from this order is deemed frivolous and not in good faith." Id. at 43. Accordingly, this case also qualifies as a strike against Milhouse.

Finally, in Milhouse v. Jordan, et al., 1:09-cv-1365 (M.D. Pa. Feb. 14, 2011), the district court dismissed Milhouse's Bivens action on summary judgment for failure to state a claim. As to his use of excessive force claim, the court concluded that Milhouse "failed to set forth an Eighth Amendment claim with respect to the use of force incident . . . ." Id. at 22. As to his claim of deliberate indifference to serious medical needs, Milhouse "failed to establish a constitutional violation." Id. at 25. And finally, "Milhouse [] failed to state a claim of retaliation." Id. at 27.

11

**MILHOUSE V. O'BRIEN**  1:14CV16

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO
SET ASIDE JUDGMENT, TO PROCEED IN FORMA PAUPERIS,
AND TO AMEND OR CORRECT COMPLAINT [DKT. NO. 80]**

Consequently, because Milhouse failed to state any valid claim, the court granted the defendants summary judgment. Accordingly, this is another strike against Milhouse. See Blakely v. Wards, 738 F.3d 607, 618 (4th Cir. 2013) (en banc) (holding that suits dismissed at summary judgment as frivolous, meritless, or for failure to state a claim qualify as PLRA strikes).

Ultimately, Milhouse has had at least three cases dismissed as frivolous, meritless, or for failure to state a claim. This does not include multiple other suits in which some claims were similarly dismissed, but in which other claims were not administratively exhausted; such mixed outcome cases do not qualify as strikes under the PLRA.[6] Indeed, Milhouse is precisely the type of abusive filer who presses the types of meritless claims that the PLRA was intended to prevent.[7] Because Milhouse had at least three

---

[6] See Sage, 639 Fed. Appx. at 794 ("A 'dismissal based on a prisoner's failure to exhaust administrative remedies does not constitute a PLRA strike, unless a court explicitly and correctly concludes that the complaint reveals the exhaustion defense on its face and the court then dismisses the unexhausted complaint for failure to state a claim.'" (quoting Ball v. Famiglio, 726 F.3d 448, 460 (3d Cir.2013), abrogated in part by Coleman v. Tollefson, 135 S.Ct. 1759, 1763 (2015).

[7] As noted above, this case also qualifies as a strike, as the Court dismissed Milhouse's complaint as frivolous and for failure to state a claim, as does the dismissal of his companion case before this Court at 1:14cv56. Furthermore, It bears noting that

Case 1:14-cv-00016-IMK-JES   Document 81   Filed 07/27/17   Page 13 of 13  PageID #: 345

**MILHOUSE V. O'BRIEN**                                                  **1:14CV16**

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO
SET ASIDE JUDGMENT, TO PROCEED IN FORMA PAUPERIS,
AND TO AMEND OR CORRECT COMPLAINT [DKT. NO. 80]**

strikes, the Court declines to set aside its judgment in this case and **DENIES** his motion.

## CONCLUSION

For the reasons discussed, the Court **DENIES** Milhouse's motion to set aside judgment, to proceed in forma pauperis, and to amend or correct complaint (dkt. no. 80).

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Memorandum Opinion and Order to counsel of record and the pro se plaintiff, return receipt requested.

DATED: July 27, 2017.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

Milhouse has continued to accumulate strikes. On February 10, 2017, United States District Judge Sylvia H. Rambo filed a notice in the seven cases initiated by Milhouse that were in front of her alone, indicating that since the Third Circuit's ruling in Sage, Milhouse had earned at least two more strikes. See, e.g., Milhouse v. Ebbert, Civ. No. 1:16-cv-1348, dkt. no. 15 (M.D. Pa. Feb. 10, 2017) (noting that Milhouse had earned two more strikes in Milhouse v. Heath, Civ. No. 15-cv-468 (M.D. Pa. Mar. 19, 2015), and Milhouse v. John Doe 1-3, Judges of the Third Circuit Court of Appeals, Civ. No. 16-cv-146 (M.D. Pa. Jan. 27, 2016)).